1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KATHLEEN BALL,

        Plaintiff,

    v.

LOS RIOS COMMUNITY COLLEGE
DISTRICT, EUNYOUNG HWANG,
MARISSA SAYAGO, RICHARD
BOOTH, BRUCE WERNER, and
DOES 1 to 1000,

        Defendants.

NO. CIV. S 04-0970 MCE PAN

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    Defendants Los Rios Community College District, Eunyoung
Hwang, Marissa Sayago, Richard Booth, and Bruce Werner
(collectively "Defendants") have asked the Court to dismiss the
42 U.S.C. § 1983 (hereinafter "§ 1983") claim filed by Kathleen
Ball (hereinafter "Plaintiff").  Additionally, Defendants have
asked the Court to strike certain portions of Plaintiff's second
amended complaint relating to punitive damages.  For the reasons
discussed below, Defendants' motion is GRANTED in part and DENIED

1

1  in part.[1]

2

3  **BACKGROUND**

4

5  Plaintiff, who suffers from Hepatitis-C, worked as an

6  adjunct art professor for Los Rios Community College District

7  (hereinafter "the District").  Her employment began in December

8  1999 and continued until March 2001.  In March 2001, the District

9  laid-off Plaintiff because there were not enough classes for her

10 to teach.  In January 2002, the District's teaching needs changed

11 and Plaintiff was rehired for the same position.

12 Six months later, in July 2003, Plaintiff's medical

13 condition worsened and she was required to undergo intensified

14 drug therapy.  Her therapy resulted in a significant loss of

15 energy and stamina.  As a result of her reduced energy and

16 stamina, in the Fall of 2003, Plaintiff requested work

17 accommodations, which included the following: 1) storage space

18 for art supplies, 2) authorization to teach all classes at one

19 campus, 3) to be informed of all required meetings by telephone,

20 4) no Saturday and evening teaching requirements, and 5)

21 appropriate time off as required by her medical condition.

22 The District denied these requests and four months later, on

23 November 6, 2003, terminated Plaintiff's employment, citing her

24 excessive number of absences as its reason.  The District

25 allegedly refused to negotiate the situation and denied Plaintiff

26

27      [1]  This matter was deemed suitable for decision without oral

28 argument as Plaintiff failed to file opposition.  Local Rules 78-230(h) and 78-230(c).

access to her personnel file.

Plaintiff recently filed a second amended complaint, which states an additional cause of action against Defendants in their official and individual capacities, as applicable, under § 1983 for depravation of civil rights.  Additionally, in her second amended complaint, Plaintiff failed to remove her various prayers for punitive damages against the District, which the Court ordered stricken from her first amended complaint.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[2] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his [or her] claim that would entitle him [or her] to relief.  Yamaguchi v. Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996).  Pursuant to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

If a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  Under Rule 15(a),

---

[2]  Unless otherwise stated, all further references to a "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1  when there is no futility, undue delay, prejudice, bad faith, or

2  dilatory motive on the part on the part of the movant, leave to

3  amend a complaint is to be "freely given when justice so

4  requires."   Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R.

5  Civ. P. 15(a).   Generally, leave to amend is denied only if it is

6  clear that the deficiencies of the complaint could not be cured

7  by amendment.   Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th

8  Cir. 1980).

9

10                              **ANALYSIS**

11

12      **A. Motion to Dismiss**

13

14      Under the Eleventh Amendment, dependent agencies of the

15  state, such as community college districts, are immune from

16  private suits, regardless of the relief sought.   Pennhurst State

17  School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (holding

18  that the Eleventh Amendment proscribes suit against state

19  agencies "regardless of the nature of the relief sought");

20  Cerrato v. San Francisco Community College District, 26 F.3d 968,

21  972 (9th Cir. 1994); Mitchell v. Los Angeles Community College

22  Dist., 861 F.2d 198, 201 (9th Cir. 1988) ("California state

23  colleges and universities are "dependent instrumentalities of the

24  state").   Thus, under the Eleventh Amendment, Los Rios Community

25  College District (hereinafter "the District") is immune from

26  civil liability under § 1983.   The Court, therefore, dismisses

27  Plaintiff's § 1983 claim against Los Rios Community College

28  District with prejudice.

1    Likewise, under the Eleventh Amendment, Plaintiff cannot sue

2    state officials in their official capacities in order to recover

3    monetary damages or non-prospective injunctive relief.  Will v.

4    Michigan Dept. of State Police, 491 U.S. 58, 71 (1989);

5    Pennhurst, 465 U.S. at 102-03 ("a suit against state officials

6    that is in fact a suit against a State is barred regardless of

7    whether it seeks damages or injunctive relief.").  However, in

8    some cases, state officials may be sued in their official

9    capacity for *prospective* injunctive relief when they act outside

10   the bounds of their authority.  Edelman v. Jordan, 415 U.S. 651,

11   662-68 (1974) (citing Ex Parte Young, 209 U.S. 123 (1908));

12   Cerrato, 26 F.3d 968, 972-73 (9th Cir. 1994).

13   Consequently, the Court dismisses, with prejudice,

14   Plaintiff's § 1983 claims for monetary damages and injunctive

15   relief against the following defendants sued in their official

16   capacities:  Eunyoung Hwang, Marissa Sayago, Richard Booth, and

17   Bruce Werner.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512

18   (2002). However, to the extent that Plaintiff is seeking some

19   form of specific prospective injunctive relief, Plaintiff is

20   granted twenty (20) days leave to amend in accordance with this

21   order and Eleventh Amendment jurisprudence.

22   The Eleventh Amendment does not bar federal suits against

23   state officials in their individual capacities, regardless of the

24   relief sought.  Scheuer v. Rhodes, 416 U.S. 232, 238 (1974);

25   Ashker v. California Dept. Of Corrections, 112 F.3d 392, 394 (9th

26   Cir. 1997).  Here, Plaintiff has based her § 1983 claim on the

27   depravation of an alleged property right, specifically,

28   "continued employment absent just cause for termination."

1  (Compl. at 9:18-20.)   Plaintiff bases this alleged property right
2  on Article 27 (Section 27.1.1) of the collective bargaining
3  agreement between the District and the Los Rios College
4  Federation of Teachers, Local 2279, as well as various alleged
5  verbal assurances that she "would not be terminated arbitrarily."
6  (Compl. at 9:6-10; 9:5-6.)

7      The Court finds that Plaintiff's allegations are sufficient
8  to state a § 1983 claim under Rule 8(a)in that they give the
9  defendants fair notice of what the plaintiff's claim is and the
10 grounds upon which it rests. Swierkiewicz, 534 U.S. at 512. This
11 simplified notice pleading standard relies on liberal discovery
12 rules and summary judgement motions to define disputed facts and
13 issues and to dispose of unmeritorious claims.") (citations and
14 quotations omitted).

15     Acknowledging Board of Regents of State Colleges v. Roth,
16 408 U.S. 564, 576-58 (1972), the Court finds that the question of
17 whether or not Plaintiff has a legitimate claim of entitlement to
18 her asserted property interest is a question for summary judgment
19 and not a motion to dismiss.  Consequently, Defendants' motion to
20 dismiss Plaintiff's § 1983 claim against Defendants under Roth is
21 denied.

22     **B. Motion to Strike**

23

24     On January 28, 2005, the Court ordered Plaintiff to strike
25 from her first amended complaint all references to punitive
26 damages against the District pursuant to Section 818 of the
27 California Civil Code.  (Order at 6:6-18.)   In filing her second
28 amended complaint, Plaintiff has included a claim for punitive

damages. The court has previously ruled on this issue and all
references to punitive damages are stricken from the first
amended complaint. The court cautions plaintiff that if there is
a further reference to punitive damages, it may result in
sanctions for failure to follow this court's order.

**CONCLUSION**

For the aforementioned reasons, Defendant's motion to
dismiss is GRANTED in part and DENIED in part.  Defendants'
motion to strike is GRANTED.

**IT IS SO ORDERED.**

DATED: May 24, 2005

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE