1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  KATHLEEN BALL,                        2:04-cv-0970-MCE-EFB

12            Plaintiff,

13       v.                               MEMORANDUM AND ORDER

14  LOS RIOS COMMUNITY COLLEGE
    DISTRICT, Educational
15  subdivision of Sacramento;
    EUNYOUNG HWANG, both
16  individually and in her
    capacity as acting Head of the
17  Los Rios Community College
    District Art Department;
18  MARISSA SAYAGO, both
    individually and in her
19  capacity as Alternate Head of
    the Los Rios Community College
20  District Art Department;
    RICHARD BOOTH, both
21  individually and in his
    capacity as Dean of
22  Instruction for Los Rios
    Community College District;
23  BRUCE WERNER, both
    individually and in his
24  capacity as Vice President of
    the Folsom Lake/El Dorado and
25  Rancho Cordova Centers for Los
    Rios Community College
26  District, and DOES 1 to 1000,
    inclusive;
27
            Defendants.
28

                                1

1    Through the present action, Plaintiff Kathleen Ball alleges
2  Defendants Los Rios Community College District ("LRCCD"),
3  Eunyoung Hwang, Marissa Sayago, Richard Booth, and Bruce Werner
4  ("Defendants") violated her rights under the Americans with
5  Disabilities Act ("ADA"); 42 U.S.C. § 1983 ("Section 1983"), and
6  the California Fair Employment and Housing Act ("FEHA"), Cal.
7  Gov't Code § 12900 *et seq.*[1]  A number of Plaintiff's original
8  claims have been dismissed through earlier proceedings.
9  Plaintiff's ADA claim against LRCCD, her Section 1983 claims
10  against the individual defendants in their individual capacities,
11  and her FEHA claim against all Defendants remain.  Presently
12  before the Court is Defendants' Motion for Summary Judgment on
13  those remaining claims.  For the reasons set forth below,
14  Defendants' Motion is denied in part and granted in part.

15
16                              **BACKGROUND**
17

18    Plaintiff, Kathleen Ball, was diagnosed with Hepatitis-C in
19  December 1997.  Despite her condition, Plaintiff pursued and
20  earned a Master of Fine Arts degree by December 1999.
21  Immediately thereafter, she sought and received a position with
22  Los Rios Community College District as an adjunct art professor.
23  ///
24  ///
25  ///
26

27    [1]Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

2

While Plaintiff was able to perform her duties and received favorable evaluations, both in the Spring and Fall semesters of 2001, one of the two classes she was assigned to teach was cancelled due to low enrollment.  Similarly, in the Spring 2002 semester, both of her assigned classes were cancelled due to low enrollment.  By Fall 2002, enrollment in art courses showed an increase prompting LRCCD to reassign Plaintiff to again teach several art courses.  This arrangement continued until November 2003, when LRCCD terminated Plaintiff's employment.

During the years between her initial hire and ultimate termination, Plaintiff's medical condition worsened.  This progression caused her to undergo increasing grades of drug therapy which, in turn, caused Plaintiff's energy and stamina to deteriorate.  During the Fall semester of 2003, Plaintiff failed to attend over one-quarter of her assigned classes prompting complaints from students.  Plaintiff alleges these absences were due to her illness and that she had notified the campus in advance that she would be absent for instruction, albeit not in accord with LRCCD's notice procedure.

In late October 2003, LRCCD concluded that it would not offer Plaintiff any further classes.  LRCCD alleges its decision was based on Plaintiff's failure to give proper notice of her numerous absences; her decision to teach an Introduction to Drawing class without a textbook; an allegedly false claim that she had audited a class taught by Defendant Hwang; an alleged misrepresentation regarding her background and suitability to teach an Art History class; and her tendency to create hostility and tension in Art Department meetings.

3

1       Plaintiff denies the foregoing are the reasons for her

2   termination and instead contends her termination was based on

3   discrimination.  Plaintiff further contends she requested

4   accommodations which LRCCD denied including:  1) storage space

5   for art supplies, 2) authorization to teach all classes at one

6   campus, 3) to be informed of all required meetings by telephone,

7   4) no Saturday and evening teaching requirements, and 5)

8   appropriate time off as required by her medical condition.  LRCCD

9   disputes Plaintiff requested the foregoing accommodations and, to

10  the extent requests for accommodation were made, LRCCD states

11  that all of the requests were met.

12      Plaintiff filed a complaint with the Equal Employment

13  Opportunity Commission ("EEOC") on January 26, 2004, alleging

14  discrimination based on her medical condition.  Plaintiff then

15  received a Notice of Right to Sue from the United States

16  Department of Justice dated February 20, 2004.  That same EEOC

17  complaint was then referred to the California Department of Fair

18  Employment and Housing ("DFEH") which issued an additional Notice

19  of Right to Sue letter based on California law.

20

21                                **STANDARD**

22

23      The Federal Rules of Civil Procedure provide for summary

24  judgment when "the pleadings, depositions, answers to

25  interrogatories, and admissions on file, together with

26  affidavits, if any, show that there is no genuine issue as to any

27  material fact and that the moving party is entitled to a judgment

28  as a matter of law."  Fed. R. Civ. P. 56(c).

One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter Twp. of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. *See* Fed. R. Civ. P. 56(a), 56(c); *Mora v. ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. at 323 (quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

///

///

1     In attempting to establish the existence of this factual
2 dispute, the opposing party must tender evidence of specific
3 facts in the form of affidavits, and/or admissible discovery
4 material, in support of its contention that the dispute exists.
5 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
6 the fact in contention is material, i.e., a fact that might
7 affect the outcome of the suit under the governing law, and that
8 the dispute is genuine, i.e., the evidence is such that a
9 reasonable jury could return a verdict for the nonmoving party.
10 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52
11 (1986); *Owens v. Local No. 169, Assoc. of W. Pulp and Paper*
12 *Workers*, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
13 "before the evidence is left to the jury, there is a preliminary
14 question for the judge, not whether there is literally no
15 evidence, but whether there is any upon which a jury could
16 properly proceed to find a verdict for the party producing it,
17 upon whom the onus of proof is imposed."  *Anderson*, 477 U.S. at
18 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20
19 L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the
20 moving party has carried its burden under Rule 56(c), its
21 opponent must do more than simply show that there is some
22 metaphysical doubt as to the material facts ....  Where the
23 record taken as a whole could not lead a rational trier of fact
24 to find for the nonmoving party, there is no 'genuine issue for
25 trial.'"  *Matsushita*, 475 U.S. at 586-87.
26 ///
27 ///
28 ///

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

**ANALYSIS**

**1.   Americans with Disabilities Act**

The ADA's general rule against disability discrimination is found in 42 U.S.C. § 12112(a) wherein the statute provides:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

The term "Discriminate" is given definition in 42 U.S.C. § 12112(b)(5)(A) wherein the statute provides:

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

*See also Sanders v. Arneson Prods.*, 91 F.3d 1351, 1353 (9th Cir. 1996).

///

7

Plaintiff alleges both that she was treated disparately and that LRCCD refused to make the reasonable accommodations she requested in violation of the ADA.

In a disparate treatment case under the ADA, the Court is to apply the burden shifting analysis set forth in the *McDonnell Douglas Corp. v. Green* case.  411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *see also Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001) (citations omitted). Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination.  *McDonnell Douglas*, 411 U.S. at 801.  Specifically, a plaintiff must show that she: (1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of her disability.  *Snead*, 237 F.3d at 1087.  The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. *McDonnell Douglas*, 411 U.S. at 802.  If the employer meets this burden, the presumption of intentional discrimination disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence demonstrating that the employer's explanation is pretextual.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000).

In the present action, LRCCD first seeks summary judgment on the ground that all claims arising from conduct occurring more than one hundred and eighty (180) days in advance of Plaintiff's EEOC filing should be dismissed as time barred.  LCRRD further moves on the ground that Plaintiff cannot make a prima facie showing of discrimination entitling them to summary judgment.

8

1     **a.  Time Bar**

2

3     A plaintiff must file a timely charge of discrimination with

4 the EEOC as a prerequisite to maintaining an ADA action.  *See* 42

5 U.S.C. § 12117(a) (incorporating the enforcement procedures set

6 forth at 42 U.S.C. § 2000e-5).[2]  42 U.S.C. § 2000e-5(e) requires

7 that a complainant file a charge with the EEOC within 180 days of

8 the last act of alleged discrimination, unless the complainant

9 initially institutes proceedings with a state or local agency, in

10 which case the EEOC charge must be filed within 300 days.

11 Plaintiff originally brought her charges of discrimination with

12 the EEOC, consequently, the 180-day time limit applies in this

13 case.

14     Plaintiff alleges discrimination based on numerous acts

15 occurring from March 2001, through her ultimate termination in

16 December 2003.  If a plaintiff, as is the case here, chooses to

17 seek relief based on a series of discrete acts flowing from a

18 systematic, discriminatory practice, the plaintiff cannot succeed

19 in establishing an employer's liability for acts occurring

20 outside the limitations period.  Specifically, the Supreme Court

21 has determined that each incident of discrimination, whether or

22 not related, constitutes a separate actionable unlawful

23 employment practice.  *See AMTRAK v. Morgan*, 536 U.S. 101, 112

24 (2002); *Lyons v. England*, 307 F.3d 1092, 1107 (9th Cir. 2002).

25 _____

26     [2]Because the ADA adopts the procedural requirements of Title
VII, including the EEOC filing requirement, the principles
governing Title VII claims hold equally true for ADA suits when

27 the EEOC charge is filed outside the prescribed period.  *See* 42
U.S.C. § 12117(a).  *See Santa Maria v. Pac. Bell*, 202 F.3d 1170,

28 1176 (9th Cir. 2000).

1   The Court further held that "discrete discriminatory acts are not

2   actionable if time barred, even when they are related to acts

3   alleged in timely filed charges."  *Morgan*, 536 U.S. at 112.

4       It is undisputed that Plaintiff filed her claim with the

5   EEOC on January 26, 2004.  Given the 180 day filing time limit,

6   all acts of alleged discrimination arising before July 30, 2003,

7   are time barred.  Accordingly, LRCCD's Motion for Summary

8   Judgment as to all claims grounded in events occurring prior to

9   July 30, 2003, is granted.

10

11      **b.   Pretext**[3]

12

13      LRCCD alleges Plaintiff cannot show that its proffered

14  reasons for terminating Plaintiff are pretext.  In fact,

15  Plaintiff bears the burden of proving, by a preponderance of the

16  evidence, that her disability "actually played a role in [LRCCD's

17  decisionmaking] process and had a determinative influence on the

18  outcome."  *Reeves*, 530 U.S. at 141 (citations omitted); *see also*

19  *Snead*, 237 F.3d at 1093 (holding that the traditional framework

20  for analyzing Title VII cases applies in ADA cases).  Plaintiff

21  may meet her burden by "showing that [LRCCD's] proffered

22  explanation," here that she was terminated based on absenteeism,

23  failure to assign a textbook, false statements, misrepresentation

24  and hostility, is "unworthy of credence." *Reeves*, 530 U.S. at

25  143.

26

27      [3]LRCCD does not challenge the veracity of Plaintiff's prima
    facie case.  This election shall not be construed by the Court as
    an admission.  Nonetheless, the Court will not address the issue

28  of Plaintiff's prima facie case as that issue is not before us.

1    Plaintiff can prove pretext indirectly, by showing a
2    defendant's proffered explanation is internally inconsistent or
3    otherwise not believable, or directly, by showing that unlawful
4    discrimination more likely motivated the employer. *Raad v.*
5    *Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th
6    Cir. 2003)(quoting *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115,
7    1127 (9th Cir. 2000).  The Court should consider all of this
8    evidence, whether direct or indirect, cumulatively. *Chuang*, 225
9    F.3d at 1127.  When the only evidence challenging the veracity of
10   the employer's proffered motives is circumstantial, however, the
11   plaintiff must produce "specific, substantial evidence of
12   pretext" to create a triable issue of fact. *Godwin v. Hunt*
13   *Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998).

14   Plaintiff concedes that she missed a number of her scheduled
15   classes in the Fall 2003 school semester. *See* Plf.s' Decl., ¶
16   14.  Plaintiff does not point to any evidence, either general or
17   specific, that LRCCD's proffered explanation that her termination
18   was, in fact, due to her medical condition as opposed to her
19   absences.  Rather, Plaintiff merely declares that "[n]othing said
20   in the first paragraph of page 6 of the defendants' memorandum of
21   points and authorities i[s] true.  All of the facts stated in my
22   second amended complaint [are] true and correct." *Id.* at ¶ 10-
23   11.  Such a general and conclusory statement does not raise an
24   issue of material fact as to whether LRCCD's proffered
25   explanation is unworthy of credence.  As noted above, Plaintiff
26   carries the burden of production in showing either that LRCCD's
27   statements regarding her termination are inconsistent or that her
28   termination was more likely than not due to her disability.

The Court finds Plaintiff has failed to meet her burden.
Plaintiff does not show any inconsistency in LRCCD's statements
nor does she present any facts from which the Court could
conclude that she was terminated because she was ill.  Instead,
LRCCD terminated Plaintiff less than a month after learning from
a student that Plaintiff had repeatedly failed to appear to teach
her assigned class.  Given Plaintiff's failure to meet her
burden, LRCCD's Motion for Summary Judgment as to Plaintiff's
claim of disparate treatment in violation of the ADA is proper
and hereby granted.

**2.   California Fair Employment and Housing Act**

California's FEHA prohibits discrimination based on a
person's physical disability.  Cal. Gov't Code § 12940(a).
Specifically, FEHA explains that it shall be an unlawful
employment practice for an employer, because of physical or
mental disability, to discriminate against a person in
compensation or in terms, conditions, or privileges of
employment.  *See id.*

**a.   Time Bar**

A prima facie case for discrimination under FEHA requires a
showing that: (1) plaintiff suffers from a disability; (2)
plaintiff is a qualified individual; and (3) plaintiff was
subjected to an adverse employment action because of the
disability.

*Jensen v. Wells Fargo Bank,* 85 Cal. App. 4th 245, 254, 102 Cal. Rptr. 2d 55 (2000) (citing *Brundage v. Hahn,* 57 Cal. App. 4th 228, 66 Cal. Rptr. 2d 830 (1997)).

Plaintiff has alleged LRCCD engaged in disparate treatment discrimination when they terminated her employment based on her medical condition.  LRCCD again responds that any claims for injury occurring more than a year prior to the filing of her DFEH complaint are time barred.  Indeed, employees who believe they have suffered discrimination under FEHA may file complaints with the DFEH within a one-year period.  Cal. Gov't Code § 12960; *see also Schifando v. City of L.A.*, 31 Cal. 4th 1074, 1081-1082 (Cal. 2003).  For the reasons set forth in section 1.a. above, Plaintiff's claims arising as a result of events occurring outside this one year limitations period, are time barred. Accordingly, LRCCD's Motion for Summary Judgment for claims based on events occurring before January 26, 2003, is granted.

**b.    Failure to Accommodate**

Under California's FEHA section 12940(m), it is an unlawful employment practice "[f]or an employer ... to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical ... disability."  The statute provides a failure to accommodate as an independent basis for liability.  *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 61 (2006).

1  Indeed, an employer's duty to accommodate is inextricably linked
2  to its obligation to engage in a timely, good faith discussion
3  with an applicant or employee whom it knows is disabled, and who
4  has requested an accommodation, to determine the extent of the
5  individual's limitations.  *Id.*

6     Plaintiff has alleged that she began requesting
7  accommodations from LRCCD in July 2001, as confirmed in her DEFH
8  application.  *See* Plf.s' Decl. ¶ 12.  Plaintiff further alleges
9  LRCCD failed entirely in its' duty to accommodate her based on
10  her medical disability.  LRCCD rebuts that it was not informed of
11  the existence of Plaintiff's medical condition nor were
12  accommodations sought until after the date Plaintiff was notified
13  of her termination.

14     Plaintiff has put forth sufficient evidence to create a
15  material issue of fact regarding whether LRCCD was aware of her
16  disability and whether LRCCD met its statutory duty to engage in
17  a timely, good faith discussion with Plaintiff regarding
18  accommodations.  Consequently, LRCCD's Motion for Summary
19  Judgment on this claim is denied to the extent it alleges acts
20  occurring within the one year statutory period that evidence a
21  failure to accommodate under California law.

22
23  **3.   Section 1983**

24
25     Plaintiff claims that LRCCD's termination of her employment
26  violated her property rights in her position as an adjunct art
27  professor.  She brings this claim under 42 U.S.C. § 1983.
28  ///

To have a property interest protected under § 1983, a person clearly must have more than an abstract need or desire for it. She must have more than a unilateral expectation of it.  She must, instead, have "a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Plaintiff alleges the collective bargaining agreement ("CBA") between LRCCD and the Los Rios College Federation of Teachers, Local 2279, creates her entitlement to continued employment.  As support for this position, Plaintiff cites Article 27, 27.1.1 of the CBA wherein it states:  "A faculty member shall not be dismissed, suspended or reprimanded without just cause."  LRCCD clarifies, however, that Section 4.8.1 expressly provides otherwise.  In fact, Section 4.8.1 provides: "Adjunct faculty are 'temporary employees' in accordance with the California Education Code.  Nothing contained in this section nor *in any article of this Agreement* places a legal obligation on the District to provide continuing employment for adjunct faculty...."  CBA, § 4.8.1 (emphasis added).

Given that this section clearly limits Plaintiff's entitlement to continued employment, she fails to meet her burden and summary judgment is appropriate.  Accordingly, LRCCD's Motion for Summary Judgment as to Plaintiff's § 1983 claim is granted.

///
///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, LRCCD's Motion for Summary Judgment as to Plaintiff's ADA claim is granted in its entirety. LRCCD's Motion for Summary Judgment as to Plaintiff's FEHA claim for discrimination is granted in its entirety.  LRCCD's Motion for Summary Judgment as to Plaintiff's FEHA claim for failure to accommodate is denied for acts occurring within the one year statutory period.  LRCCD's Motion for Summary Judgment as to Plaintiff's section 1983 claim is granted in its entirety.

IT IS SO ORDERED.

Dated: March 8, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE