UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KATHLEEN BALL,

        Plaintiff,

   v.

LOS RIOS COMMUNITY COLLEGE DISTRICT, Educational subdivision of Sacramento; EUNYOUNG HWANG, both individually and in her capacity as acting Head of the Los Rios Community College District Art Department; MARISSA SAYAGO, both individually and in her capacity as Alternate Head of the Los Rios Community College District Art Department; RICHARD BOOTH, both individually and in his capacity as Dean of Instruction for Los Rios Community College District; BRUCE WERNER, both individually and in his capacity as Vice President of the Folsom Lake/El Dorado and Rancho Cordova Centers for Los Rios Community College District, and DOES 1 to 1000, inclusive;

        Defendants.

2:04-CV-0970-MCE-EFB

MEMORANDUM AND ORDER

1

1    Through the present action, Plaintiff Kathleen Ball alleges
2 Defendants Los Rios Community College District ("LRCCD"),
3 Eunyoung Hwang, Marissa Sayago, Richard Booth, and Bruce Werner
4 ("Defendants") injured her civil rights in violation of the
5 Americans with Disabilities Act ("ADA"); 42 U.S.C. § 1983
6 ("Section 1983"), and the California Fair Employment and Housing
7 Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*[1]
8    Defendants are now moving the Court to reconsider its
9 earlier Order granting in part and denying in part Defendants'
10 Motion for Summary Judgment.  For the reasons set forth below,
11 Defendants' Motion is again granted in part and denied in part.

**BACKGROUND**

   The Court has already set forth a detailed factual background for this action in its Order dated March 8, 2007, which is incorporated by reference and need not be reproduced herein.  Mem. & Order 2-4, March 8, 2007.

**STANDARD**

   A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice.
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 (9th Cir. 1989). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

A timely filed motion for reconsideration under a local rule is construed as a motion to alter or amend a judgment under Rule 59(e). *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995). A motion for reconsideration is treated as a Rule 59(e) motion if filed within ten days of the judgment being entered, but as a Rule 60(b) motion if filed more than ten days after judgment. *See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Since this motion is seeking reconsideration of a final judgement and was timely filed, the Court will treat it as a Rule 59(e) motion.

Absent "highly unusual circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where 1) the court is presented with newly discovered evidence; 2) the court committed clear error or the initial decision was manifestly unjust; or 3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)(citations and quotations omitted). Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not grounds for relief under Rule 59(e).

3

**ANALYSIS**

**1.    FEHA Claims Against Individual Defendants**

Defendants are seeking an amendment to the Court's March 8, 2007, Order granting in part and denying in part summary judgment in favor of Defendants ("MSJ Order").  Defendants seek reconsideration of that MSJ Order on the ground that the Order did not address Plaintiff's FEHA claims as against the individual Defendants but, rather, only disposed of the FEHA claims against LRCCD.  While the merits of Defendants' Summary Judgment Motion were generally addressed in the Court's MSJ Order, Defendants are correct that the Court did not specifically address the merits of Plaintiff's FEHA claims as against the individual Defendants. Accordingly, those claims shall be disposed below.

The California Supreme Court has held that individual defendants cannot be held liable for discrimination under FEHA. *Reno v. Baird*, 18 Cal.4th 640, 643 (1998). In doing so, the Court noted "that if every personnel manager risked losing his or her home, retirement savings...etc., whenever he or she made a personnel management decision, management of industrial enterprises and other economic organizations would be seriously affected."  *Id.* at 652 (quoting *Janken v. GM Hughes Elec.s*, 46 Cal. App. 4th 55 (2nd Dist. 1996)).  *Reno v. Baird* did not specifically address claims for failure to accommodate, and there is no controlling authority discussing individual liability under such a claim.
///

However, California Government Code sections 12940(m) and 12940(n), which discuss reasonable accommodations, indicate that "employer[s] or other entit[ies]" may be liable for failing to accommodate. The plain language of these sections limits liability to "employer[s] or other entit[ies]" as opposed to individuals. In light of the policy against holding individuals liable, and the plain language of the statute, Summary Judgment against the individual Defendants in this matter was proper and should have been granted in the first instance. Accordingly, the Court's earlier MSJ Order is hereby amended to grant summary judgment in favor of the individual Defendants on Plaintiff's FEHA claims as against them.

**2.    Reconsideration of FEHA Claims for Failure to Accommodate**

Defendants also seek reconsideration of this Court's MSJ Order insofar as it denies summary judgment on Plaintiff's claim alleging failure to accommodate. Pursuant to Local Rule 78-230(k), an application for reconsideration must set forth, by affidavit or brief, any new material facts and circumstances that support a claim that the Court's previous ruling be revisited. Here, Defendants do not put forth any new evidence whatsoever. Instead, they simply request that this Court revisit its previous ruling based solely on their disagreement therewith. As noted in the standard above, mere disagreement with the Court's conclusion is an insufficient ground to warrant relief. Thus, Defendants' Motion to Reconsider the Court's MSJ Order denying summary judgment on Plaintiff's failure to accommodate claim is denied.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Reconsideration is granted with respect to Plaintiff's FEHA claims against the individual Defendants in this matter. Defendants' Motion for Reconsideration is denied in all other respects.

IT IS SO ORDERED.

Dated: June 14, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE